# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| START MAN FURNITURE, LLC, *et al.*,[1] ) | |
| ) | Case No. 20-10553 (CTG) |
| Debtors. ) | |
| ) | (Jointly Administered) |
| ALFRED T. GIULIANO, in his capacity as ) | |
| Chapter 7 Trustee of Art Van Furniture, *et al* ) | |
| ) | Adversary Proceeding No. |
| Plaintiff, ) | 22-50192 (CTG) |
| ) | |
| vs. ) | |
| ) | JURY TRIAL DEMAND |
| GRAPHICS EAST, INC. ) | |
| ) | |
| Defendant. ) | **Re: Adv. Pro. No. 1** |
| ) | |

## ANSWER TO COMPLAINT

Defendant, Graphics East, Inc. ("Defendant"), through its undersigned counsel, and for its Answer to Plaintiff's Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547 & 550 (the "Complaint"), states as follows:

## THE PARTIES

1. The allegations in paragraph 1 of the Complaint are admitted.

2. The allegations in paragraph 2 of the Complaint are admitted.

3. The allegations in paragraph 3 of the Complaint are admitted.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Start Man Furniture, LLC (f/k/a Art Van Furniture, LLC) (9205); SVF Holding Company, Inc. (f/k/a AVF Holding Company, Inc.) (0291); SVCE, LLC (f/k/a AVCE, LLC) (2509); StartVF Holdings I, LLC (f/k/a AVF Holdings I, LLC) (2537); StartVF Holdings II, LLC (f/k/a AVF Holdings II, LLC) (7472); SVF Parent, LLC (f/k/a AVF Parent, LLC) (3451); Levin Parent, LLC (8052); Start Man Furniture of Canada, LLC (f/k/a Art Van Furniture of Canada, LLC) (9491); SV Sleep Franchising, LLC (f/k/a AV Pure Sleep Franchising, LLC) (8968); SVF Franchising, LLC (f/k/a AVF Franchising, LLC) (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

1

## JURISDICTION AND VENUE

4. The allegations in paragraph 4 of the Complaint constitute a conclusion of law to which no response is required. To the extent a response is required, the allegations in paragraph 4 of the Complaint are denied.

5. The allegations in paragraph 5 of the Complaint constitute a conclusion of law to which no response is required. To the extent a response is required, the allegations in paragraph 5 of the Complaint are denied.

6. Defendant avers that no response is required to the allegations in paragraph 6 of the Complaint. To the extent a response is required, the allegations in paragraph 6 of the Complaint are denied. By way of further response, pursuant to Fed R. Bankr. P. 7012, Defendant does not consent to entry of final orders or judgment by the bankruptcy court.

7. The allegations in paragraph 7 of the Complaint are admitted.

## BASIS FOR RELEIF REQUESTED

8. The allegations in paragraph 8 of the Complaint constitute a conclusion of law to which no response is required. To the extent a response is required, the allegations in paragraph 8 of the Complaint are denied.

## FACTS

9. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint and, on that basis, denies the same.

10. The allegations in paragraph 10 of the Complaint are admitted in part and denied in part. Defendant admits that it received certain payments in the "payment amounts" alleged on

Exhibit A to the Complaint for goods and/or services provided prior to the Petition Date. Defendant denies that the payment detail on Exhibit A to the Complaint is completely accurate. As to the remaining allegations contained within paragraph 10 of the Complaint, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations and, on that basis, denies the same.

11.     The allegations in paragraph 11 of the Complaint are admitted in part and denied in part. Defendant admits that it received certain payments in the "payment amounts" alleged on Exhibit A to the Complaint for goods and/or services provided prior to the Petition Date. Defendant denies that the payment detail on Exhibit A to the Complaint is completely accurate. As to the remaining allegations contained within paragraph 11 of the Complaint, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations and, on that basis, denies the same.

12.     The allegations in paragraph 12 of the Complaint are admitted in part and denied in part. To the extent that the allegations paragraph 12 of the Complaint contains conclusions of law, no response is required. To the extent that a response is required, Defendant denies that Plaintiff has established a claim for recovery and avoidance under 11 U.S.C. § 547 and/or 11 U.S.C.§ 550 and, to the extent that Plaintiff does ultimately establish a claim under 11 U.S.C. § 547, it is admitted that such claim would be subject to certain defenses, including, but not limited, defenses under 11 U.S.C. § 547(c). By way of further response, Defendant admits that it received a demand letter from Plaintiff; however, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations pertaining to Plaintiff's alleged due diligence of reasonably known affirmative defenses of Defendant and any resulting determinations from such due diligence. Finally, Defendant denies all remaining allegations in paragraph 12 of the

Complaint.

## FIRST CLAIM FOR RELIEF
### (Avoidance of Preferential Transfers – 11 U.S.C. § 547)

13. Defendant incorporates its answers to paragraphs 1 through 12 as if fully restated herein.

14. The allegations in paragraph 14 of the Complaint are admitted in part and denied in part. Defendant admits that it received certain payments in the "payment amounts" alleged on Exhibit A to the Complaint for goods and/or services provided prior to the Petition Date. Defendant denies that the payment detail on Exhibit A to the Complaint is completely accurate. Finally, Defendant denies all remaining allegations in paragraph 14 of the Complaint.

15. The allegations in paragraph 15 of the Complaint constitute a conclusion of law to which no response is required. To the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations and, on that basis, denies the same.

16. The allegations in paragraph 16 of the Complaint constitute a conclusion of law to which no response is required. To the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations and, on that basis, denies the same.

17. The allegations in paragraph 17 of the Complaint constitute a conclusion of law to which no response is required. To the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations and, on that basis, denies the same.

18. The allegations in paragraph 18 of the Complaint constitute a conclusion of law to which no response is required. To the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations and, on that basis, denies the same.

19. The allegations in paragraph 19 of the Complaint constitute a conclusion of law to which no response is required. To the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations and, on that basis, denies the same.

20. The allegations in paragraph 20 of the Complaint constitute a conclusion of law to which no response is required. To the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations and, on that basis, denies the same.

21. The allegations in paragraph 21 of the Complaint are admitted. By way of further response, Defendant denies that it has any obligation to return any transfers to the Plaintiff.

22. The allegations in paragraph 22 of the Complaint are denied.

**SECOND CLAIM FOR RELEIF**
**(For Recovery of Property – 11 U.S.C. § 550)**

23. Defendant incorporates its answers to paragraphs 1 through 22 as if fully restated herein.

24. The allegations in paragraph 24 of the Complaint constitute a conclusion of law to which no response is required. To the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations and, on that

basis, denies the same.

25. The allegations in paragraph 25 of the Complaint are denied.

26. Except as expressly stated herein, Defendant denies each and every allegation in the Complaint, including any and all averments and conclusions in the headings and subheadings of the Complaint.

## DEMAND FOR JURY TRIAL

27. Defendant hereby demands trial by jury in this action of all issues so triable.

## DEFENSES

28. Plaintiff fails to state a claim upon which relief may be granted in the Complaint.

29. Plaintiff has failed to establish all elements of a prima facie case under 11 U.S.C. §§ 547 and 550.

30. The transfers alleged in the Complaint, to the extent they occurred, are excepted from avoidance as a contemporaneous exchange for new value under 11 U.S.C. § 547(c)(1).

31. The transfers alleged in the Complaint, to the extent they occurred, are excepted from avoidance as after such transfers Defendant gave new value to or for the benefit of the Debtors under 11 U.S.C. § 547(c)(4).

32. The transfers alleged in the Complaint, to the extent they occurred, are excepted from avoidance as such payments were made in the ordinary course of business or financial affairs of the Debtors under 11 U.S.C. § 547(c)(2).

33. Had the alleged transfers not been made, Defendant would not have received less value on its claim from the Debtors' estate.

34. The property transferred was not property of the Debtors' estate by reason of the theory of constructive trust.

35. Plaintiff's claims are subject to Defendant's right of setoff and recoupment.

36. The transfers alleged in the Complaint, to the extent they occurred, are not avoidable by Plaintiff to the extent they are protected by the earmarking doctrine.

37. The Debtors received reasonably equivalent value in exchange for the transfers alleged herein.

38. Defendant accepted all payments for value, in good faith and without knowledge of avoidability.

39. To the extent that a contract existed between Defendant and the Debtors and was assumed or assigned by the Plaintiff or the Debtors under 11 U.S.C.§ 365 or not yet rejected, Plaintiff is estopped from pursuing the claims asserted in the Complaint.

40. At all relevant times, the Debtors were solvent.

41. The claims in the Complaint are barred by the applicable statute of limitations.

42. To the extent the Complaint contemplates the avoidance of any alleged transfers not specifically identified on Exhibit A to the Complaint, the Complaint should be dismissed because it fails to satisfy the pleading requirements for Fed R. Civ. P. 8 and Fed. R. Bankr. P. 7008. *See e.g. In re Valley Media,* 288 B.R. 189 (Bankr. D. Del. 2003).

43. The claims stated in the Complaint are barred by the doctrine of laches.

44. The claims stated in the Complaint are barred due to waiver and/or estoppel.

45. Defendant reserves the right to state additional defenses in the course of discovery and in accordance with the rules of this Court.

WHEREFORE, Defendant respectfully requests that this Court enter an order dismissing this action with prejudice and that the Court order such other relief as is just and proper.

Dated: April 29, 2022
      Wilmington, Delaware

Respectfully submitted,

/s/ *Sameen Rizvi*
**POTTER ANDERSON & CORROON LLP**
Christopher M. Samis (No. 4909)
R. Stephen McNeill (No. 5210)
Sameen Rizvi (No. 6902)
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801-3700
Telephone: (302) 984-6000
Facsimile:  (302) 658-1192
Email: csamis@potteranderson.com
      rmcneill@potteranderson.com
      srizvi@potteranderson.com

-and-

**TAUNT LAW FIRM**
Matthew P. Taunt
Matthew L. Boyd
700 East Maple Road, Second Floor
Birmingham, Michigan 48009
Telephone: (248) 644-7800
Facsimile:   (877) 396-2710
Email: mtaunt@tauntlaw.com
      mboyd@tauntlaw.com

*Counsel for Graphics East, Inc.*